UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ELI DURAND-MCDONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN EDGECOMB, in his individual capacity | ) Civil Action Docket No. 1:23-cv-00279-JDL |
| | ) |
| & | ) |
| | ) |
| NATHAN FORMBY, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND
<u>DEMAND FOR JURY TRIAL</u>**

Defendants Kevin Edgecomb and Nathan Formby ("Defendants") respond to Plaintiff's Complaint as follows:

**<u>INTRODUCTION</u>**

1. The allegations in Paragraph 1 under Introduction are argument, to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

**<u>PARTIES</u>**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Complaint and therefore deny the same.

2.     It is admitted that Defendant Lt. Kevin Edgecomb is employed as a police officer for the Town of Mount Desert Police Department; otherwise the allegations are denied.

3.     It is admitted that Defendant Officer Nathan Formby is a police officer for the Town of Bar Harbor Police Department; otherwise the allegations are denied.

4.     It is admitted that Lt. Edgecomb and Officer Formby were acting under color of state law at all times relevant to this Complaint. It is admitted that Lt. Edgecomb is a police officer for the Town of Mount Desert Police Department and that Officer Formby is a police officer for the Town of Bar Harbor Police Department; otherwise the allegations are denied.

## JURISDICTION

5.     The allegations contained in paragraph 5 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

6.     The allegations contained in paragraph 6 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants admit the allegations.

7.     The allegations contained in paragraph 7 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

8.     The allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

## STATEMENT OF FACTS

9. The allegations contained in paragraph 9 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Complaint and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Complaint and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Complaint and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Complaint and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Complaint and therefore deny the same.

17. Defendants admit the allegations in Paragraph 17 of the Complaint, but deny that the caller contacted the Mount Desert Police Department.

18. Defendants admit that the security officer complained about Durand-McDonnell, but Defendants deny that the language in quotations in paragraph 18 accurately quotes the statements made.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit that Lt. Edgecomb initially responded with his emergency lights and sirens.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that Lt. Edgecomb wore a microphone that captured some, but not all, of the audio of his interactions, otherwise the allegations in paragraph 22 of the Complaint are denied.

23. Defendant Edgecomb admits the allegations in Paragraph 23 of the Complaint. Defendant Formby is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24. Defendant Edgecomb admits the allegations in Paragraph 24 of the Complaint. Defendant Formby is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Complaint and therefore denies the same.

25. Defendants admit only that Durand-McDonnell was standing near a sign, but are without knowledge or information sufficient to form a belief as to the truth of the allegations as to what the sign read, as contained in Paragraph 25 of Complaint, and therefore deny the same.

26. The allegations contained in Paragraph 26 of the Complaint call for characterizations to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations.

27. Defendants admit the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants state that it is unclear what "allegations" are referred to in Paragraph 29 (i.e. the allegations in the Complaint or the alleged conduct) and Defendants therefore deny the allegations in Paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

31. The allegations contained in paragraph 31 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Complaint and therefore deny the same.

35. Defendants disagree with the timeline implicated by paragraph 35 and therefore deny the allegations in paragraph 35 of the Complaint.

36. The allegations contained in Paragraph 36 of the Complaint call for characterizations to which no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Complaint and therefore deny the same.

38. Defendants admit the allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations in Paragraph 39 of the Complaint.

40. Defendants admit the allegations in Paragraph 40 of the Complaint.

41. Defendant Edgecomb admits that he was referring to a night when Susan Collins was present and there were protests at Leo's home, but otherwise denies the allegations in Paragraph 41 of the Complaint. Defendant Formby is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies the same.

42. Defendants admit that they identified Durand-McDonnell before handcuffing him, placed him in a police cruiser, and Officer Formby transported him to Hancock County Jail where he was processed and bail conditions were imposed, otherwise Defendants deny the allegations in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

46. Defendants admit the allegations in Paragraph 46 of the Complaint.

47. Defendants admit that the Hancock County District Attorney's Office later dismissed the charges, but are without knowledge or information as to the exact date and therefore deny the same.

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983 – Retaliatory Arrest in Violation of the First Amendment of the United States Constitution**
**(Lt. Edgecomb and Officer Formby in individual capacities)**

48. Defendants repeat and reallege their responses contained in Paragraph 1 through 47 herein.

49. The allegations contained in paragraph 49 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

50. The allegations contained in paragraph 50 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

## SECOND CAUSE OF ACTION
**Violation of 42 U.S.C. § 1983 – Unlawful Arrest in Violation of the Fourteenth Amendment of the United States Constitution**
**(Lt. Edgecomb and Officer Formby in individual capacities)**

58. Defendants repeat and reallege their responses contained in Paragraph 1 through 57 herein.

59. The allegations contained in paragraph 59 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

62. The allegations contained in paragraph 62 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

## THIRD CAUSE OF ACTION
### False Arrest
**(Lt. Edgecomb and Officer Formby in individual capacities)**

64. Defendants repeat and reallege their responses contained in Paragraph 1 through 63 herein.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants admit the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

68. The allegations contained in paragraph 68 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

## FOURTH CAUSE OF ACTION

**Violation of Maine Civil Rights Act (5 M.R.S. § 4682)**
**(Lt. Edgecomb and Officer Formby in individual capacities)**

72. Defendants repeat and reallege their responses contained in Paragraph 1 through 71 herein.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. The allegations contained in paragraph 74 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

75. The allegations contained in paragraph 75 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

**PRAYER FOR RELIEF**

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

**DEFENSES/ AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. Defendants are entitled to qualified immunity.

3. No clearly established rights of Plaintiff were violated by Defendants' alleged actions or inaction.

4. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge or notice of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

5. Plaintiff's recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101, et seq., the Wrongful Death Act, 18-C M.R.S.A. § 2-807, or any other applicable federal or state statutory limitations on damages.

6. Plaintiff's alleged injuries were caused by a supervening and intervening cause, and not by any conduct on the part of the Defendants.

7. Defendants are immune under the Maine Tort Claims Act, including but not limited to discretionary function and/or intentional act immunity, and have not waived their immunity.

8. Defendants will rely on any and all defenses developed from discovery and further investigation, and Defendants reserve the right to amend this pleading in accordance with the Rules.

Dated at Portland, Maine this 5th day of September, 2023.

    */s/ Kasia S. Park*
Kasia S. Park, Esq.
Susan M. Weidner, Esq.
*Attorneys for Defendants Kevin Edgecomb and Nathan Formby*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
kpark@dwmlaw.com
sweidner@dwmlaw.com